# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

___

| | | |
|---|---|---|
| **GWENDOLYN WILLIAMS,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| v. | ) | Case No. 2:17-cv-02578-JTF-cgc |
| | ) | |
| **SCAN SOURCE,** | ) | |
| | ) | |
|     **Defendant.** | ) | |

___

# ORDER ADOPTING MAGISTRATE JUDGE'S
# REPORT AND RECOMMENDATION FOR DISMISSAL
___

      Before the Court is the Report and Recommendation entered by the Magistrate Judge in the above-styled case. (ECF No. 7.) On August 10, 2017, Plaintiff Gwendolyn Williams's filed her *pro se* Complaint alleging violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), accompanied by her Motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) Pursuant to Administrative Order 2013-15, this case was assigned to the Magistrate Judge for management of all pretrial matters. On September 22, 2017, the Magistrate Judge issued a Report and Recommendation suggesting that the information in Plaintiff's *in forma pauperis* ("*IFP*") affidavit satisfies her burden of demonstrating that she is unable to pay the civil filing fee but that this Court should dismiss Plaintiff's Complaint for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (ECF No. 7, 2–5.) The Magistrate Judge also recommended that this Court, pursuant to 28 U.S.C. § 1915(a)(3), certify that an *IFP* appeal by Plaintiff would not be taken in good faith and, thus, may not be taken. (*Id.* at 6.) Plaintiff did not file any Objections to the Report and Recommendation, and the deadline for doing so has passed.

## I. FINDINGS OF FACT

Implicit in her Report and Recommendation, is the Magistrate Judge's determination that proposed findings of fact are not necessary in this case. *Compare* Fed. R. Civ. P. 72(b)(1), *with* ECF No. 7. Rather, the Magistrate Judge issued her Report and Recommendation based on Plaintiff's Motion seeking leave to proceed *IFP*, Plaintiff's Complaint, and the applicable law. The Court, for purposes of its analysis, similarly incorporates the latter two.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b), magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). The district court may accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C).

Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2). The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310. The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

Pursuant to Local Rule 4.1, service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *IFP* until the complaint has been screened under 28

U.S.C. § 1915(e)(2)(B). LR 4.1(b). Courts must screen *IFP* complaints and dismiss any complaint, or portion thereof, if the allegation of poverty is untrue or if the action (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). To state a claim, courts hold as follows:

> [A] complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. A complaint must have enough facts to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Davidson v. Fed. Bureau of Prisons*, No. 17-5429, 2017 U.S. App. LEXIS 24272, at *6 (6th Cir. Nov. 29, 2017).

Additionally, Courts must remain conscious that *pro se* pleadings, though not free from basic pleading requirements, are "held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).

### III. ANALYSIS

Upon *de novo* review of the Magistrate Judge's Report and Recommendation, this Court agrees with the Magistrate Judge's recommendation to dismiss Plaintiff's ADEA claim for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(ii), because Plaintiff did not allege that she was qualified for her position or that a substantially younger employee replaced her. (ECF No. 7, 5.) The ADEA prohibits an employer from failing or refusing to hire, discharging, or discriminating "against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a prima facie case of age discrimination under the ADEA a

plaintiff normally must show that she is a member of a protected class, that she suffered an adverse employment action, that she was qualified for the job, and that was replaced by a substantially younger individual. *O'Conner v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312 (1996); *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 521 (6th Cir. 2008). At the pleading stage, an employment discrimination complaint is not required to allege facts to support a prima facie case of discrimination, but it must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema*, 534 U.S. 506, 508 (2002) (quoting Fed. Rule Civ. Proc. 8(a)(2)).

Here, Plaintiff fails to state a claim for age discrimination upon which relief may be granted. Plaintiff has not alleged that she was qualified for her position or that a substantially younger employee replaced her. Moreover, Plaintiff has not alleged any facts from which the Court can infer that she was discriminated against because of her age, other than the fact that she was over forty years old when the alleged discrimination took place. *Gillespie v. Magee*, No. 17-2726-JPM-dkv, 2017 U.S. Dist. LEXIS 180332, at *8 (W.D. Tenn. Oct. 11, 2017), *adopted by* 2017 U.S. Dist. LEXIS 180332 (W.D. Tenn., Oct. 11, 2017). Thus, this Court agrees with the Magistrate Judge's recommendation to dismiss this action in its entirety for failure to state a claim for age discrimination upon which relief may be granted.

This Court also agrees with the Magistrate Judge's recommendation that this Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that Plaintiff may not appeal the above determination *IFP* because such an appeal would not be taken in good faith. (ECF No. 6, 5.) Plaintiff did not object to the Report and Recommendation. Under 28 U.S.C. § 1915(a)(3), "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "The good faith standard is an objective one" and considers whether the

litigant seeks appellate review of any nonfrivolous issue. *Beard v. Memphis, TN Crim. & Judicial Sys.*, No. 17-2184-STA-cgc, 2017 U.S. Dist. LEXIS 100175, at *8 (W.D. Tenn. June 16, 2017). Additionally, courts hold that it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendant, while simultaneously finding that the claim has sufficient merit to support an appeal *IFP*. *Id.* at *9. Accordingly, the same considerations that favor dismissal of Plaintiff's Complaint also compel the conclusion that an appeal here would be frivolous and, thus, not taken in good faith. *See Beard*, 2017 U.S. Dist. LEXIS 100175, at *8. Accordingly, this Court certifies, pursuant to 28 U.S.C. § 1915(a), that, here, an *IFP* appeal by Plaintiff would not be taken in good faith and, thus, may not be taken.

## IV. CONCLUSION

Upon *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation to **DISMISS** this action in its entirety and **CERTIFIES** that Plaintiff may not appeal the determinations herein *in forma pauperis*.

**IT IS SO ORDERED** on this 23rd day of January 2018.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge
